IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLES T. ROBERTSON : | |
| : | |
| Plaintiff, : | |
| v. : | |
| : | No. 5:11-CV-412 (CAR) |
| : | |
| CENLAR, FSB, MORTAGE : | |
| ELECTRONIC REGISTRATION : | |
| SYSTEMS, INC., and THE FEDERAL : | |
| HOME LOAN MORTGAGE : | |
| CORPORATION, : | |
| : | |
| Defendant. : | |
| _____ : | |

### ORDER ON PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS DEFENDANT AND PLAINTIFF'S MOTION FOR REMAND

This case is before the Court on Plaintiff's Motion to Voluntarily Dismiss Defendant Federal Home Loan Mortgage Corporation (FHLMC) [Doc. 5] and Plaintiff's Motion for Remand [Doc. 6]. For the reasons below, Plaintiff's Motion to Voluntary Dismiss Federal Home Loan Mortgage Corporation [Doc. 5] is **GRANTED**, and Plaintiff's Motion for Remand [Doc. 6] is **GRANTED.**

On October 4, 2011, Plaintiff filed an action requesting equitable relief against Cenlar, FSB, Mortgage Electronics Registration Systems, Inc., and FHLMC in the Bibb

1

County Superior Court of Georgia. Specifically, Plaintiff requested a temporary restraining order, injunction, declaratory judgment, and quiet title. On October 12, 2011, Defendants removed the action to this Court. On October 14, 2011, Plaintiff filed a Motion to Dismiss FHLMC as a party and a Motion to Remand.

### A. Voluntary Dismissal of FHLMC as a Party

In Plaintiff's Notice of Voluntary Dismissal of FHLMC as a Party, Plaintiff stated that FHLMC was included "for purposes of declaratory judgment only as to which entity may hold the Petitioner's note and loan. The other Respondents would be sufficient for the Court to reach that determination."

Rule 41 of the Federal Rules of Civil Procedure allows a plaintiff to file "notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). Additionally, this notice is without prejudice unless it states otherwise. Fed. R. Civ. P. 41(a)(1)(B). In this case, Plaintiff has filed a Rule 41(a) Notice of Voluntary Dismissal without prejudice against FHLMC before Defendants have filed an answer in this action. In the Eleventh Circuit, dismissal against a defendant who has not served an answer or motion for summary judgment is permitted "even though the case might remain pending against other defendants." Cordis Corp. v. Siemens-Pacesetter, Inc., 682 F.Supp. 1200, 1201 (S.D. Fla.

1987) (citation omitted). Accordingly, Defendant FHLMC was properly voluntarily dismissed without prejudice from this action by Plaintiff's notice under Rule 41.

### B. Plaintiff's Motion for Remand

Removal to federal court is proper for "[a]ny civil action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction. Burns v. Winsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Accordingly, federal courts only have the power to hear cases that they have been authorized to hear by the United States Constitution or the United States Congress. See id.

Section 1452(f) of Title 12 of the United States Code grants FHLMC a right to remove any action in which it is a party. 12 U.S.C. § 1452(f). Nothing in the statute specifically addresses what happens to a court's jurisdiction, if anything, when FHLMC is dismissed as a party, as is the case here. Additionally, the Eleventh Circuit has not decided this issue. However, the Eleventh Circuit has clearly held that when federal jurisdiction remains anything but "absolutely clear," remand is proper. See Burns, 31 F.3d at 1095.

Here, in light of Plaintiff's voluntary dismissal of FHLMC, the Court cannot say that it clearly has subject matter jurisdiction over this action. The basis for removal,

FHLMC's presence as a party, is no longer present.  Additionally, Defendants argue that this Court has diversity of citizenship jurisdiction.[1]  However, Defendants have failed to prove that the requisite amount in controversy is met.  Plaintiff seeks injunctive and declaratory relief and thus the amount in controversy "is the monetary value of the object of the litigation from the Plaintiff's perspective."  <u>Federated Mutual Ins. Co. v. McKinnon Motors, LLC</u>, 329 F.3d 805, 807 (11th Cir. 2003).  Plaintiff, however, did not state the value of the litigation in his Complaint and therefore any amount suggested by Defendant or this Court is speculative.  <u>See</u> <u>Burns</u>, 31 F.3d at 1095 (Without "facts or specific allegations, the amount in controversy c[an] be divined only by looking at the stars-only through speculation-and that is impermissible.").

Accordingly, Plaintiff's Motion for Voluntary Dismissal of FHLMC is **GRANTED without prejudice** and Plaintiff's Motion for Remand is **GRANTED**.  Pursuant to 28 U.S.C. § 1447(c), the cause is hereby **REMANDED** to the state forum for further proceedings in that this Court lacks subject matter jurisdiction over the same.  The Clerk of the Court is hereby **DIRECTED** to forward a certified copy of this Final Order of Remand to the Clerk of the Superior Court of Bibb County, Georgia,

---

[1] In Defendant's Response to Plaintiff's Motion to Remand, Defendants concede that Plaintiff does not assert a claim under Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq.—the only federal statute cited in Plaintiff's complaint.  [<u>See</u> Doc. 7 n.1].

Case No. 11-cv-56071.  To the extent not otherwise disposed of herein, all pending Motions, including Plaintiff's pending Motion for Preliminary Injunction [Doc. 4] is hereby **DENIED** as moot.

**SO ORDERED,** this 26th  day of October, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

LMH